**NO. 25-2022**

In The

# United States Court Of Appeals

For The

# Fourth Circuit

| | |
|---|---|
| **KRISTEN GRACE, ROSSANA HERNANDEZ, J. MICHAEL HEYSER, LISA LEAKE, CHRISTOPHER STEIN, CHRISTOPHER SUBLETT, and LESLIE ZEPEDA** | *Plaintiffs – Appellants,* |

**and**

| | |
|---|---|
| **FRANCISCO GARZA** | *Plaintiff,* |

v.

| | |
|---|---|
| **RTX CORPORATION f/k/a RAYTHEON TECHNOLOGIES CORPORATION,** | *Defendant – Appellee,* |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT
OF VIRGINIA AT ALEXANDRIA

———————

**REPLY BRIEF OF APPELLANT**

———————

E. Scott Lloyd
**LLOYD LAW GROUP, PLLC**
**106 Chester Street, Suite 1**
**Front Royal, VA  22630**
*Counsel for Appellant*

**Samantha L. Brooks**
**SEYFARTH SHAW LLP**
**975 F Street, N.W.**
**Washington, D.C. 20004**
*Counsel for Appellee*

**Table of Authorities**

**Cases**

*American Pipe & Constr. Co. v. Utah,*
 414 U. S. 538 (1974) ...........................................................................................................5,7,8

*Am. Tierra Corp. v. W. Jordan,*
 840 P.2d 757 ........................................................................................................................7

*Byrd v. Travenol Laboratories, Inc.,*
 675 F. Supp. 342 (N.D. Miss. 1987) ...................................................................................7

*China Agritech, Inc. v. Resh,*
 584 U.S. 732 (2018) .............................................................................................................7

*Cooper v. Fed. Res. Bank,*
 467 U.S. 867 (1984) .........................................................................................................5,6

*Davis v. Bethlehem Steel Corp.,*
 600 F. Supp. 1312 (D. Md. 1985) .......................................................................................8

*Edwards v. Boeing Vertol Co.,*
 717 F.2d 761 (3d Cir. 1983) ................................................................................................7

*Griffin v. Singletary,*
 17 F.3d 356 (11th Cir. 1994) ...............................................................................................7

*In re Initial Public Offering Securities Lit.,*
 617 F. Supp. 2d 195 (S.D. N.Y. 2007) ................................................................................7

*Jimenez v. Weinberger,*
 523 F.2d 689 (7th Cir. 1975) ...............................................................................................7

*Seaboard Corp. v. Marsh Inc.,*
 295 Kan. 384 (2012) ............................................................................................................7

*United States ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency,*
 745 F.3d 131 (4th Cir. 2014) ...............................................................................................5

*West Haven School Dist. v. Owens-Corning Fiberglas Corp.,*
 721 F. Supp. 1547 (D. Conn. 1988) ....................................................................................7

**Other**

Fed. R. App. P. 32 ....................................................................................................................12

Federal Rule of Civil Procedure Rule 12 ..................................................................................6

Rule 23 .....................................................................................................................................10

Table of Contents

BACKGROUND .........................................................................................................3

ARGUMENT ............................................................................................................4

    I.   Standard of Review..............................................................................4

    III.   American Pipe tolling ought to carry through appeal in the Fourth Circuit.6

CERTIFICATE OF COMPLIANCE...................................................................8

## BACKGROUND

The Plaintiffs-Appellants here were all employees of RTX Corporation (formerly Raytheon) who requested religious accommodations for the testing, masking, and / or distancing work requirements associated with RTX's COVID-19 vaccine. RTX denied the requests and fired or constructively discharged them.

The Plaintiffs-Appellants filed suit as a putative class (five as named members and one as an unnamed members[1]) in the District of Arizona (the "Arizona case") alleging Discrimination, Wrongful Termination, and Retaliation in violation of Title VII of the Civil Rights Act of 1964. The Court dismissed the case on RTX's motion. Plaintiffs-Appellants appealed to the Ninth Circuit, which upheld the dismissal, and then petitioned the U.S. Supreme Court for certiorari, which it denied.

Plaintiffs-Appellants then filed suit in the Eastern District of Virginia as individual plaintiffs alleging failure to accommodate religious belief under Title VII of the Civil Rights Act of 1964, a claim they could have brought as a class in the Arizona case. It came long after Title VII's 90-day window for filing a lawsuit after receiving a Notice of Right to Sue.

Plaintiffs-Appellants filed the new suit not because they were unfamiliar with or hostile to the doctrine of *res judicata* or the associated case law, but rather because they believed from their reading of the case law that the new suit fell within an exception

---

[1] A second individual, Francisco Garza, was an unnamed member of the putative class in Arizona and part of this suit in District Court but does not join this appeal.

3

to the doctrine. Similarly, Plaintiffs-Appellants were familiar with Title VII's 90-day timeline for filing a suit after receiving right-to-sue letter but believed that the 90-day timeline was tolled under *American Pipe & Constr. Co. v. Utah*, 414 U. S. 538 (1974) while the putative class members pursued the appeal in the Arizona suit.

RTX requested sanctions under Rule 11 and moved to dismiss. The Magistrate Judge awarded the sanctions, which are under a Rule 72 objection that is pending at the District Court. The District Court also dismissed the case.

Plaintiffs-Appellants filed this appeal which raises two questions: 1) whether members of a putative class of litigants may file individual claims after the dismissal of their class complaint; and 2) whether *American Pipe* tolling lasts through appeal.

## ARGUMENT

### I. Standard of Review

As an appeal of a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6), the Fourth Circuit reviews under the *de novo* standard. *United States ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (citations and internal quotations omitted).

### II. Plaintiffs-Appellants' individual claims fall under the exception to the *res judicata* doctrine that the Supreme Court recognized in *Cooper v. Fed. Res. Bank*

In *Cooper v. Fed. Res. Bank*, 467 U.S. 867 (1984), the Supreme Court reversed a decision of this Court and held that the members of a class could bring suit as individuals in a later suit after the class action was dismissed.

4

In that case, the EEOC brought suit on behalf of a class of individuals against the Federal Reserve Bank of Richmond alleging racial discrimination under Title VII of the Civil Rights Act of 1964. Four individuals were later permitted to intervene in the suit. After dismissal, the Supreme Court ruled that claims of the four individual intervenors were "finally decided in the bank's favor." *Id* at 873. As for the members of the class, however, who went on to bring later individual claims, "the judgment [in the prior adjudication] is not, however, dispositive of the individual claims […] petitioners have alleged in their separate action."

The circumstances in *Cooper* are similar to the circumstances here. The Plaintiffs brought a suit as members of a class and then as individuals after the dismissal of the class complaint. The Supreme Court determined that this was correct.

While the class in *Cooper* was certified in the previous litigation, it was not here. The certification of a class is not determinative in the Court's analysis in *Cooper*; in fact, the opposite is true.

The Court reasoned that, "[t]he class-action device was intended to establish a procedure for the adjudication of common questions of law or fact.  If the […] theory [that class members could not bring later individual suits] were adopted, it would be tantamount to requiring that every member of the class be permitted to intervene to litigate the merits of his individual claim." *Id.*

5

The Court's reasoning focuses on the purpose of the class-action device, which is to provide groups the opportunity to litigate without having to bring a multiplicity of individual claims.

### III.   *American Pipe* tolling ought to carry through appeal in the Fourth Circuit

"*American Pipe* [*& Constr. Co. v. Utah*, 414 U. S. 538 (1974)] established that the commencement of the original class suit tolls the running of the statute [of limitations] for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." *China Agritech, Inc. v. Resh*, 584 U.S. 732 (2018).

The Fourth Circuit has not ruled definitively on the question of whether the tolling of the statute of limitations for individual members of a class recognized in *American Pipe* carries through the appeal of the original class action.

Plaintiffs-Appellants cite both state and federal authority for the proposition that it does.[2] Defendant-Appellee protests that in citing these cases, Plaintiff-

---

[2] *Griffin v. Singletary*, 17 F.3d 356, 360-61 (11th Cir. 1994) (holding that under *American Pipe* and *Crown, Cork & Seal Co.* v. Parker, 462 U.S. 345, 103 S. Ct. 2392, 76 L. Ed. 2d 628 [1983], charge-filing period for individual claims was tolled during the pendency of the class action—"from the time the [class action] lawsuit was filed until this Court published its opinion vacating the order certifying the class"; "[i]nsofar as the individual claims are concerned, putative class members should be entitled to rely on a class action as long as it is pending"); *Edwards v. Boeing Vertol Co.*, 717 F.2d 761, 766 (3d Cir. 1983), cert. granted, judgment vacated on other grounds by 468 U.S. 1201, 104 S. Ct. 3566, 82 L. Ed. 2d 867 (1984) (under *American Pipe* and *Crown, Cork & Seal*, individual plaintiff "entitled to rely on the pendency of [class] action so long as it was pending [including appeal]. Any other rule would needlessly proliferate separate lawsuits"); *In re Initial Public Offering Securities Lit.*, 617 F. Supp. 2d 195, 200 n.20 (S.D. N.Y. 2007) (holding that once class certification is granted, tolling under *American Pipe* continues "through all of the proceedings in the Second Circuit [and ultimately through Supreme Court review if certiorari is sought]"; stating, "it remains reasonable for [putative class members] to rely on these actions continuing as class actions and on their inclusion in those class actions unless and until this Court [or a higher court] definitively denies the pending motion for class certification"); *Seaboard Corp. v. Marsh Inc.*, 295 Kan. 384, 409 (2012); *Jimenez v. Weinberger*, 523 F.2d 689, 696 (7th Cir. 1975); *West Haven School Dist. v. Owens-Corning Fiberglas Corp.*, 721 F. Supp. 1547, 1555 (D. Conn. 1988); [*Byrd v. Travenol Laboratories, Inc.*, 675 F. Supp. 342, 347 (N.D. Miss.

Appellants are raising a new "issue," not raised at the District Court, but this is not the case. The issue is the same; Plaintiffs-Appellees simply bring more case law to bear on the issue.

As stated in their Opening Brief, Plaintiffs-Appellees contend that a rule recognizing *American Pipe* tolling through appeal better acknowledges the purpose of Rule 23 than one that does not.

## CONCLUSION

For the foregoing reasons, this Court should overturn the District Court's ruling and find that the Plaintiffs may bring individual claims subsequent to their class action complaint.

*/s/ E. Scott Lloyd*
E. Scott Lloyd
Lloyd Law Group, PLLC
Va. Bar # 76989
106 Chester Street, Suite 1
Front Royal, VA 22630
(540) 823-1110
scott@lloydlg.com
*Counsel for Appellants*

---

1987)]; *Davis v. Bethlehem Steel Corp.*, 600 F. Supp. 1312, 1316 (D. Md. 1985). *See generally* 54 C.J.S. Limitations of Actions § 122, at 165 (1987) ("Limitations will not run until the final disposition of the appeal."); *Am. Tierra Corp. v. W. Jordan,* 840 P.2d 757, 762 (Utah 1992).

7

## CERTIFICATE OF COMPLIANCE

1.   This document complies with type-volume limits because, excluding the parts

of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure

statement, table of contents, table of citations, statement regarding oral

argument, signature block, certificates of counsel, addendum, attachments):

this document contains 1747 words.

2.   This document complies with the typeface requirements because:

This document has been prepared in a proportional spaced typeface

using Microsoft Word in 14-point Garamond.

This, the 3rd day of December 2025.

Respectfully submitted,

*/s/ E. Scott Lloyd*
E. Scott Lloyd
Lloyd Law Group, PLLC
Va. Bar # 76989
106 Chester Street, Suite 1
Front Royal, VA 22630
(540) 823-1110
scott@lloydlg.com
*Counsel for Appellants*

8